FILED _____ ENTERED
_____ LODGED _____ RECEIVED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

OCT 2 2 2002

AT BAL_____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

ROBERT DAVIDSON,                         )
                                         )
                      Plaintiff,         )
                                         )        Civil Action No.
          v.                             )
                                         )        H-02-686
                                         )
SAUER COMPRESSORS USA, INC.,             )
                                         )
                      Defendant.         )
                                         )
_____ )

PRETRIAL ORDER

## I.   **PLAINTIFF'S BRIEF STATEMENT OF FACTS**

Plaintiff was employed by Defendant.  He was interviewed and
hired as a technical writer for the compressor manufacturer, although
later referred to as a quality assurance or quality control manager
for the Defendant.  As alleged in Counts I and II of the complaint,
federal and state law generally require that employees be paid time
and a half (1.5 times the employee's regular rate of pay) for overtime
work.  Plaintiff performed extensive overtime work – work in excess of
40 hours per week during his employment - but received only his weekly
salary, without any overtime pay.  Defendant, a government contractor,
maintained and has produced during discovery documents which reflect
Plaintiff's working more than 40 hours a week.  Plaintiff will testify
that the Defendant's documents report some, but not nearly all, of the
overtime work he performed.  Rather, Plaintiff will testify, he
performed a great deal of work not reflected on those records, but
which he can describe and from which he can, as permitted by the

applicable case law, derive a good-faith estimate of the overtime
hours he worked.

While Plaintiff undeniably worked overtime hours, Defendant
apparently contends that Plaintiff was an "exempt" administrative
employee for whom overtime pay was not required.  Plaintiff will
contend that he was not an exempt employee, that his primary duties
were not those constituting grounds for exemption under the applicable
statutes and regulations. Much of Plaintiff's work involved mechanical
and technical skills of general knowledge, rather than the exercise of
discretion or judgment.  In those areas of his work where Plaintiff
exercised discretion and judgment in the exercise of his job duties,
Plaintiff contends that it was not truly independent, because his work
was closely supervised, monitored and controlled by Robert Leeson, who
regularly changed, halted, overruled or modified actions taken or
recommended by Plaintiff.

Plaintiff alleges alternatively that he was promised at the
outset of his employment that he would be provided compensatory time
off for hours in excess of 40 per week.  By performing the work over
40 hours, Plaintiff earned the compensatory time off, but he was not
permitted to take off the time earned and was not paid for the time.
No exemption is available to the employer under the Maryland wage
claim statute.  Plaintiff alleges that the compensatory time was
"wages" within the meaning of the Maryland Wage Payment and Collection
Law, and that the failure to pay Plaintiff for such wages violated the
Maryland statute.

- 2 -

pretrial.order

## II.         **DEFENDANT'S BRIEF STATEMENT OF FACTS**

The Plaintiff, Mr. Davidson, was hired as the Quality
Assurance Manager of Sauer Compressors USA, Inc., from November
15, 1999, until he voluntarily abandoned his employment
obligations with Sauer on or about September 25, 2000.  Mr.
Davidson agreed to receive an annual salary of $42,250, in which
Mr. Davidson was paid $1625 every two weeks from December 15,
1999 to October 6, 2000.  Mr. Davidson was never promised payment
for overtime hours earned in excess of 40 hours per week, nor was
Mr. Davidson ever promised "compensatory time," as alleged in
Count III.  Moreover, Sauer Compressors did not pay Plaintiff
overtime because he was a salaried employee who worked in a "bona
fide" administrative capacity.  As such, he is not entitled to
overtime under the Federal and State laws Plaintiff is claiming
in this lawsuit.

Sauer, a federal government contractor, required Mr.
Davidson to record all of his hours worked for the purpose of
allocating time Sauer spent on its federal contracts.  Mr.
Davidson did, in fact, record the hours he spent working –
including time he worked more than 40 hours – in the form of
payroll records, which he regularly submitted to Sauer.  Mr.
Davidson worked for Sauer for a total of approximately 44 weeks,

- 3 -

pretrial.order

a total of about 1760 hours at 40 hours per week.  In his
lawsuit, Mr. Davidson claims he worked an additional <u>1300 hours</u>
of overtime, plus 1760 of "straight" time (approximately 3000
hours over the course of 44 weeks).  Yet, Mr. Davidson's total
hours worked, as reported by him and as reflected in the
company's payroll records, show that he only worked alleged
"overtime" (hours over 40 hours per week) for a total of
approximately 450 hours, at most, not 1300 hours he is claiming.
In addition, as Quality Assurance Manager, Mr. Davidson was
responsible for reporting directly to the President of the
company while maintaining a great deal of independence in the
performance of his duties.  The duties of the QA Manager position
included testing SAUER materials, testing vendor materials,
designing SAUER's quality control manual, quality control
procedure manuals, and implementing the overall quality assurance
program at SAUER.  Plaintiff exercised discretion in the
performance of his duties and reviewed and evaluated the
performance of work by other employees.  Plaintiff had the
authority to reject work, to order correction of work, to approve
the Quality Assurance plan and modifications to it and to
recommend termination of employees whose work fell below required
standards.  As such, Plaintiff is exempt from the Fair Labor
Standards Act (Count One), and from the Maryland Wage and Hour

- 4 -

pretrial.order

Law (Count Two) because he was working in a **A**bona fide"
administrative capacity under 29 U.S.C. ' 213(a)(1), and Md.
Code. Ann. § 3-403, respectively.

Plaintiff's alternative theory under the Maryland Wage
Payment and Collection Law (Count Three) is not viable, because
compensatory time off for hours in excess of 40 per week was
never a part of Plaintiff's employment compensation, and
Plaintiff was never promised compensatory time off.

Finally, section 255 of the Fair Labor Standards Act states
that actions under this section must be brought within two years,
except that actions arising out of a willful violation may be
commenced within three years.  Mr. Davidson has presented no
evidence of willful actions by Sauer and the applicable statute
of limitations bars all claims for compensation from November
1999 through March 2000. In sum, Mr. Davidson's claims in this
lawsuit are not supported by any records, and they contradict the
information he reported to the company while he worked for Sauer
Compressors - that is why Sauer gives his claims zero credence.

## III.    COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS

None.

## IV.    AMENDMENTS REQUIRED OF THE PLEADINGS

### A.    Plaintiff's Amendments

Plaintiff does not request any amendments.

pretrial.order

**B.**   Defendant's Amendments

N/A.

## V.   **ISSUES IN THE PLEADINGS TO BE ABANDONED**

### A.   Plaintiff's Pleadings

Plaintiff does not abandon any issues in the pleadings.

### B.   Defendant's Pleadings

N/A.

## VI.   **STIPULATIONS OF FACT**

### A.   Plaintiff's Requested Stipulations

1.   Plaintiff requests that Defendant, whether or not it has objections to any of Plaintiff's proposed exhibits, stipulate to the authenticity of the exhibits.

2.   Plaintiff requests that Defendant stipulate to the following:

a.   Plaintiff was initially hired by Defendant as a technical writer.

b.   Jobs performed by Plaintiff during his employment with Defendant included parts acquisition, testing, drafting detailing, drawing control ad review, shop layout, receiving, inspections, inventory control, part tracing, report writing, technical review of the O&M Manuals, and other related activities.

c.   Much of Plaintiff's work involved mechanical and

pretrial.order

technical skills of general knowledge, rather than the
exercise of discretion or judgment.

d.   During most of Plaintiff's employment with
Defendant, Plaintiff's work was supervised, monitored
and controlled by Robert Leeson.

e.   Plaintiff's work was closely supervised, monitored
and controlled by Robert Leeson, who on occasions
changed, halted, overruled or modified actions taken or
recommended by Plaintiff.

f.   All of the documents produced by Defendant to
Plaintiff during discovery in this civil action are
true and authentic copies of documents maintained by
Defendant in the ordinary course of its business.

g.   Other than documents produced to Plaintiff during
discovery in this litigation, Defendant does not have
possession, custody or control of documents or records
recording or evidencing (i) the hours worked by
Plaintiff during his employment by Defendant, or (ii)
documents or records recording or evidencing the amount
or proportion of his working time which Plaintiff spent
on different activities in the course of his employment
with Defendant.

- 7 -

B.   Defendant's Requested Stipulations

1.   That Davidson was a salaried employee at Sauer
Compressors, and did, in fact, receive a salary from
November 1999 through October 2000.

2.   That Sauer Compressors paid Davidson a gross salary
of $1625.00, every two weeks, from December 1999
through October 2000.

3.   That during his employment with Sauer Compressors,
Davidson's salary was never subject to reduction
because of variations in the quality or quantity of the
work he performed.

4.   That throughout his employment with Sauer,
Davidson's position was Quality Assurance Manager.

5.   That as Quality Assurance Manager, Davidson was in
charge of Sauer's Mil-I-45208A Quality Assurance
Program during his employment with Sauer Compressors.

6.   That, during Davidson's employment with Sauer
Compressors, Davidson's duties included implementing
the Mil-I-45208A Quality Assurance Program.

7.   That in the scope of his duties, Davidson reported
directly to the President of Sauer Compressors.

8.   That on March 24, 2000, Davidson approved the
Quality Control Manual Per Mil-I-45208A, by executing

- 8 -

his signature to the Manual as "Quality Control
Manual."

9.    That all of the documents produced by Plaintiff to
Defendant during discovery in this civil action are
true and authentic copies of documents maintained by
Plaintiff.

10.    That other than documents produced to Defendant
during discovery in this litigation, Plaintiff does not
have possession, custody or control of documents or
records recording or evidencing (i) the hours worked by
Plaintiff during his employment by Defendant, or (ii)
documents or records recording or evidencing the amount
or proportion of his working time which Plaintiff spent
on different activities in the course of his employment
with Defendant

pretrial.order

## VII.        RELIEF SOUGHT

### A.    Plaintiff's Requested Relief

Plaintiff requests an award of overtime backpay in the amount of $ 44,655.48 or such other amount as shall be proven at trial, as well as an additional $ 44,655.48, representing the liquidated damages provided by the Fair Labor Standards Act and which are generally to be awarded absent a showing of good faith by the defendant-employer.  Plaintiff also requests an award of reasonable attorney fees, as mandated by the FLSA.

Alternatively, Plaintiff requests an award of $ 29,770.32 (that is, the straight-time value of Plaintiff's overtime hours, without the time-and-a-half premium provided by the overtime statutes) under the Maryland Wage Payment and Collection Law for the unpaid compensatory time which is the subject of Count III of the Complaint, as well as the triple damages in the amount of $ 89,310.96 authorized by that statute where an employer has, without sufficient justification, withheld earned wages. Plaintiff additional requests an award of reasonable attorney fees as authorized by the Maryland statute.

### B.    Defendant's Requested Relief

Defendant requests that the Court deny Plaintiff's requested relief in total.  Specifically, Defendant requests relief in the

- 10 -

form of a denial of judgment on all three counts of Plaintiff's complaint, as: 1) the Plaintiff is not entitled to overtime compensation under the Fair Labor Standards Act (Count One); 2) the Plaintiff is not entitled to overtime compensation under the Maryland Wage and Hour Law (Count Two);  and 3) the Plaintiff is not entitled to compensatory time under the Maryland Wage Payment and Collection law (Count Three).  Defendant further requests that the Court deny Plaintiff's requests for attorneys' fees, costs, and liquidated damages under the Fair Labor Standards Act and Maryland wage statutes.

## VIII.    DOCUMENTS AND RECORDS TO BE OFFERED AT TRIAL

### A.    Plaintiff's Exhibits

With the exception of documents used for impeachment or rebuttal as may be permitted by the Court, Plaintiff expects to offer the following documents as exhibits.

1.    Complaint in Civil Action No. H-02-686

2.    Answer of Sauer Compressors USA, Inc.

3.    Defendant, Sauer Compressors USA, Inc.'s Answers to Plaintiff's First Set of Interrogatories

4.    Defendant Sauer Compressors USA, Inc.'s Answers to Plaintiff's First Request for Production of Documents

5.    Defendant Sauer Compressors USA, Inc.'s Answers to Plaintiff's First Request for Admissions

6.    Documents constituting Exhibit A to Defendant's First Request for Admissions to Plaintiff

pretrial.order

7.   Documents constituting Exhibit B to Defendant's First Request for Admissions to Plaintiff

8.   Documents constituting Exhibit C to Defendant's First Request for Admissions to Plaintiff

9.   Resume of Plaintiff Exhibit D to Defendant's First Request for Admissions to Plaintiff

10.  Nextel phone records provided by Defendant ( 7 pages)

11.  Desk calendars January - September 2000

12.  Payroll registers (redacted) (25 pages)

13.  Sauer Compressors USA, Inc. Employee Handbook

14.  Memorandum dated 8/16/00 from Nancy Ferrara to Hourly Employees, Re: Hourly Wages & Overtime

15.  Handwritten notes provided by Defendant headed "Bob Davidson - Friday ..."

16.  Billable Time / Time Sheet sheets (33 pages)

17.  Quality Control Manual PER MIL-I-45208A

18.  Memorandum dated 2/19/00 From Richard Loughborough to Bob Leeson, Re: ILS/Drawings etc.

19.  Memorandum from Davidson QAD to Purchasing Department, dated 5/30/00 Re: Delinquent Purchase orders cause for purchase order audit

20.  Memorandum from Davidson to Whom It May Concern, dated 7/7/00, Re: Tool lending

21.  Memorandum from QAD to All Personnel, dated 7/7/00, Re: Procedures to comply with MIL-I-45208A

22.  Rejection and Corrective Action Report dated July 6, 2000

23.  Supplier Corrective Action Report (C.A.R.) dated 7/13/00

pretrial.order

24. Rejection and Corrective Action Report dated March 7, 2000

25. Supplier Corrective Action Report (C.A.R.) dated by auditor 9/1/00

26. Reply to request for corrective action # car 00-003 scu dated 5/11/00 (text format)

27. Reply to request for corrective action # car 00-003 scu dated 5/11/00 (outline format)

28. Copy of business card, Robert Davidson, Quality Manager

29. Application for Employment (2 pages)

30. Termination letter, dated 10/20/00

31. Email from Robert Davidson to Harald Schulz dated 9/29/00

32. Plaintiff's record of travel-related expenses (RAD 1-2)

33. Email to Plaintiff from R. Loughborough dated 1/29/01 (RAD 90-91)

34. Email to Plaintiff from R. Loughborough dated 1/29/01 (RAD 92-93)

35. Reference letter dated 1/8/01 (RA 96-95)

36. Telephone bills for Gayle L Harding June - October 2000

37. Plaintiff reserves the right to designate and use any exhibits designated or disclosed by Defendant in

## B.    Defendant's Exhibits

Defendant expects to offer all of the documents listed by Plaintiff (1. - 36.) above into evidence.  Defendant further

pretrial.order

expects to offer the following documents into evidence:

1.    Compensation Spreadsheet - Dated 6/24/02 (RAD 4).

2.    Email to Richard Loughborough from Robert Davidson, dated 2/10/02, (RAD 38).

3.    Email to Richard Loughborough from Robert Davidson, dated 1/30/01, (RAD 57).

4.    Correspondence of chronological summary of events, undated, (RAD 98-100).

5.    Email to JUNEMAXIMJ from Robert Davidson, dated 2/21/01, (RAD 54).

6.    Email to bolster_dh@nns.com from Robert Davidson, dated 2/21/01, (RAD 60).

7.    Email to Harald Schulz from Robert Davidson, dated 10/11/00, (RAD 73).

8.    Email to Robert Davidson from Nancy Ferrara, dated 10/12/00, (RAD 74).

9.    CapitalCare, Inc. Enrollment Information Form and Questionnaire, 1/5/00.

10.   Quality Control Manual Per Mil -I - 45208A, March 24, 2000.

11.   Sauer further reserve the right to supplement this Exhibit list in accordance with the trial schedule.

## IX.        WITNESSES

### A.    Plaintiff's Witnesses

Apart from impeachment or rebuttal as may be permitted by the Court, Plaintiff intends to call the following witnesses:

Robert Davidson, 1209 Springwood Court, Arnold, MD 21012.

Nancy Ferrara, Accounting Manager, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666.

Frank Gallentino

Gayle Harding, 1209 Springwood Court, Arnold, MD 21012.

Casey Horney, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666.

Michael Hyde, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666.

Rob Jackson, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666.

Robert Leeson, President, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666.

Richard Loughborough, name and address to be provided.

Robert Pollack, Program Manager, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666

Lloyd Rosa, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, MD 21666

## B.   Defendant's Witnesses

The Defendant expects to call the following factual witnesses at trial:

1.    Mr. Robert Leeson, President, Sauer Compressors

pretrial.order

USA, Inc., 64 Log Canoe Circle, Stevensville, Maryland, 21666.

2.    Mr. Robert Pollack, Program Manager, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, Maryland, 21666

3.    Ms. Mary Graff, Purchasing Manager, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, Maryland, 21666.

4.    Ms. Jean Cooper, Sauer Compressors USA, Inc., 64 LogCanoe Circle, Stevensville, Maryland, 21666.

5.    Ms. Nancy Ferrara, Accounting Manager, Sauer Compressors USA, Inc., 64 Log Canoe Circle, Stevensville, Maryland, 21666.

6.    Mr. Richard Loughborough, name and address to be provided.

7.    Mr. Robert Davidson, 1209 Springwood Court, Arnold, Maryland 21012.

## X.    **EXPERT WITNESSES**

### A.    Plaintiff's Experts

Plaintiff will not call an expert.

### B.    Defendant's Experts

Per Defendant's Rule 26(a)(2) disclosure, Ms. Jean Cooper, and Mr. Robert Leeson, identified above, are qualified by

- 16 -

pretrial.order

knowledge, skill, experience, training, or education to testify in the form of an opinion. Ms. Cooper and Mr. Leeson are experienced in the areas of federal procurements, particularly with respect to military federal procurements; the nature of the duties and responsibilities of a quality assurance manager under federal military contracts; and the implementation, procedures and training for effective quality assurance programs in government contracting.

## XI.       DEPOSITION EXCERPTS TO BE OFFERED IN EVIDENCE

### A.    Plaintiff's Case in Chief

None.

### B.    Defendant's Case in Chief

None.

## XII.      OTHER PRETRIAL RELIEF

### A.    Plaintiff's Requested Relief

None.

### B.    Defendant's Requested Relief

Defendant requests relief in the form of a motion in limine. Specifically, Defendant seeks a pretrial ruling barring Plaintiff from introducing evidence of any kind relating to the hours worked prior to the two years from the date Plaintiff filed his complaint. The applicable statute of limitations for the Fair Labor Standards Act is two years, see 29 U.S.C. § 255 (1998), and

- 17 -

pretrial.order

much of the time Plaintiff seeks overtime compensation is for hours allegedly worked more than two years before the Complaint was filed.    Further, Plaintiff has not produced any evidence of bad faith against the employer to permit an extension of the applicable statute of limitation for three years.  As such, Defendant will seek a pretrial ruling to exclude such evidence.

If violations occurred, they were inadvertent and do not rise to the level of willful, deliberate or intentional actions. As such, Defendant will further seek a pretrial ruling from the Court to bar Plaintiff from introducing any evidence at trial as to the "willfulness" of Sauer in denying Mr. Davidson's claims, as Plaintiff has not produced any evidence to seek such relief.

## XIII.  <u>OTHER MATTERS ADDED BY THE COURT</u>

pretrial.order

Lawrence E. Dubé, Jr.
Bar No. 01227
Dubé & Goodgal, P.C.
2400 Boston St., Suite 407
Baltimore, MD 21224
(410) 276-8801
(410) 276-8807 (Fax)

Daniel J. Donohue, Esq.
WICKWIRE GAVIN, P.C.
8100 Boone Boulevard, Suite 700
Vienna, Virginia 22182
703-790-8750
703-448-1801 (Fax)

**_Attorney for the Plaintiff_**    **_Attorney for the Defendant_**

IT IS HEREBY ORDERED that the Pretrial Order is approved this
21st day of October , 2002.

_____
United States District Judge

- 19 -

pretrial.order